UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| DOCKET NUMBER: | * | SECTION: |
| --- | --- | --- |
| | * | |
| RENAE BRENSON | * | DISTRICT JUDGE: |
| | * | |
| Versus | * | DIVISION: |
| | * | |
| HOOD CHEVROLET, LLC | * | MAG. JUDGE: |
| d/b/a | * | |
| BILL HOOD CHEVROLET | * | |

*************************************************************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Renae Brenson who hereby files this Complaint with this Honorable Court for the foregoing reasons:

1.

## ARBITRATION PROCEEDING

Plaintiff hereby discloses that there is an arbitration proceeding concerning the same subject matter pending with Mediation and Arbitration Professional Systems (hereinafter "MAPS") pursuant to an Employee Acknowledgment and Arbitration Agreement (hereinafter "the agreement"). Plaintiff files this action out of an abundance of caution.

## PARTIES

2.

Made Plaintiff herein is Renae Brenson (hereinafter "Plaintiff"), a black woman of the full age of majority and a citizen of the State of Louisiana, Parish of Tangipahoa.

3.

Made Defendant herein is Hood Chevrolet, LLC d/b/a Bill Hood Chevrolet (hereinafter "Defendant"), a Louisiana limited liability company with its principal place of business in

Covington, Louisiana. On information and belief, Defendant has 2 members: (1) William K. Hood, a person of the full age of majority and a Citizen of the State of Louisiana, Parish of Tangipahoa; and (2) John Scarle, a person of the full age of majority and a Citizen of the State of Louisiana, Parish of St. Tammany.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction pursuant to 28 USC § 1331 (federal question) because Defendant is alleged to have violated Title VII of the Civil Rights Act of 1964, as amended (42 USC § 2000e). This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 USC § 1367 (supplemental jurisdiction) because Plaintiff's state law claims arise from the same nucleus of operative facts. Venue is proper pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## ALLEGATIONS

5.

Plaintiff was employed by Defendant as an Administrative Assistant beginning in June 2010.

6.

For several years, Plaintiff was employed with Defendant without incident and formed a strong bond with her co-workers, both black and white.

7.

In late 2013 or early 2014, Plaintiff witnessed white male managers calling a fellow black female co-worker "Queen Latifah" and "Felicia", who is a drug-addicted and unemployed black woman from the 1995 movie "Friday".

8.

Plaintiff complained to management about the racist and sexist behavior she witnessed.

9.

Plaintiff's fellow black co-worker was then fired.

10.

Plaintiff was subsequently offered a promotion which on information and belief was a *quid pro quo* for her to keep silent concerning the disturbing behavior she witnessed.

11.

Plaintiff respectfully turned the promotion down.

12.

White managers then began making comments to Plaintiff about black peoples' appearance, as well as other racist, sexist, and inappropriate statements in Plaintiff's presence and Plaintiff was ostracized by her co-workers.  Plaintiff was also treated differently than her white co-workers with regard to time off and other human resource matters.

13.

Plaintiff lodged a written compliant with William "Bill" Hood concerning the racial discrimination and hostile work conditions she was facing due to her race.

14.

A white manager then forced Plaintiff to look at pictures of the Confederate battle flag.

15.

The same white manager then called Plaintiff a slave and he said he was a "slave owner" and for her to clock out, go home, and make him dinner.

16.

Managers made Plaintiff's personal, protected, and private medical information common knowledge throughout the dealership and Plaintiff was humiliated by being forced to a take a breathalyzer test in front of her co-workers.

17.

Plaintiff again complained to Bill Hood concerning the racist, sexist, and retaliatory treatment she was enduring and the hostile work environment, but to no avail.

18.

On information and belief, managers and/or fellow employees with the encouragement and/or tacit approval of management would remove items from Plaintiff's desk after she went home for the day.  On information and belief, files would also be altered and/or deleted from Plaintiff's work computer after she went home for the day.

19.

On information and belief, managers and/or fellow employees with the encouragement and/or tacit approval of management engaged in a cyber stalking and harassment campaign against Plaintiff.

20.

On information and belief, the lights by Plaintiff's desk in the reception area were altered to focus directly on Plaintiff and the air conditioning vents were altered to blow directly on Plaintiff.

21.

This harassment caused Plaintiff to develop physical and mental ailments and she sought medical treatment for same.

22.

Plaintiff filed a Complaint with the EEOC in September of 2015 and this caused the discrimination and harassment against Plaintiff to become worse.  Bill Hood took the EEOC Complaint very personally and he told Plaintiff that he would fight the Complaint "tooth and nail" because she was allegedly trying to hurt his company and he "would not let that happen."

23.

On information and belief, Bill Hood considered the slave owner comment to be a harmless joke.

24.

As a result of the discrimination, retaliation, and harassment, Plaintiff took Family and Medical Leave Act leave beginning in January of 2016.

25.

In April of 2016, Plaintiff resigned her employment with Defendant due to the intolerable and illegal work conditions.  This was a constructive discharge.

26.

In April of 2016, Plaintiff filed additional Complaints with the EEOC.

27.

On May 23, 2016, the EEOC issued a Right to Sue Letter and, accordingly, this Arbitration Complaint is timely.

## **CAUSE OF ACTION NUMBER 1**

28.

The allegations in paragraphs 1-27 above are adopted and incorporated.

29.

The above discriminatory and retaliatory patterns and practices by Defendant and its employees and agents violates Title VII of the Civil Rights Act of 1964, as amended (42 USC § 2000e).

## CAUSE OF ACTION NUMBER 2

30.

The allegations in paragraphs 1-29 above are adopted and incorporated.

31.

The above discriminatory and retaliatory pattern and practice by Defendant and its employees and agents violate Louisiana Revised Statute 23:332, *et seq*.

## CAUSE OF ACTION NUMBER 3

32.

The allegations in paragraphs 1-31 above are adopted and incorporated.

33.

Defendants' employees and agents negligently inflicted emotional distress on Plaintiff in violation of Louisiana Civil Code Articles 2315 and 2316.

34.

Defendant is liable for the negligence of its employees and agents pursuant to Louisiana Civil Code Article 2320.

## CAUSE OF ACTION NUMBER 4

35.

The allegations in paragraphs 1-34 above are adopted and incorporated.

36.

The above discriminatory and retaliatory patterns and practices by Defendant and its employees and agents constitute intentional infliction of emotional distress upon Plaintiff.

**CAUSE OF ACTION NUMBER 5**

37.

The allegations in paragraphs 1-36 above are adopted and incorporated.

38.

The above discriminatory and retaliatory patterns and practices by Defendant and its employees and agents created a hostile work environment for Plaintiff in which no reasonable person could be expected to work.

**CAUSE OF ACTION NUMBER 6**

39.

The allegations in paragraphs 1-38 above are adopted and incorporated.

40.

The above discriminatory and retaliatory patterns and practices by Defendant and its employees and agents caused Plaintiff to resign and this resignation constitutes a constrictive discharge by Defendant.

**DAMAGES**

41.

The allegations in paragraphs 1-40 above are adopted and incorporated.

42.

The above discriminatory and retaliatory patterns and practices by Defendant and its employees and agents caused Plaintiff to suffer the following damages:

a.      Medical expenses, past and future;

b.      Lost wages, past and future;

c.      Physical and mental pain and suffering, past and future; and

d.      Any other damages that will be proved at the trial of this cause.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that after due proceedings are conducted, there be judgment against Defendant awarding Plaintiff the damages set forth above, Louisiana judicial interest from date of demand, costs of this proceeding, reasonable attorneys' fees, and all other relief this Court deems just and fair under the law.

Respectfully Submitted:

__/s/ Jonathan H. Adams_____
Jonathan H. Adams (#29061), T.A.
jadams@koeppelllc.com
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024

**PLEASE ISSUE CITATION AND SUMMONS TO:**

Hood Chevrolet, LLC d/b/a Bill Hood Chevrolet
*Through its registered agent for service of process*
William K. Hood
11239 Highway 16
Amite, Louisiana 70422